**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **CASE NO: 8:18-cr-408-MSS-AAS**

**SEGUNDO ALEXI AVILA DELGADO**

---

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendant Segundo Alexi Avila Delgado's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 145) On November 13, 2018, Defendant pled guilty to one count of conspiracy to distribute and one count of possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and punishable under 21 U.S.C. § 960(b)(1)(B)(ii). (Dkts. 1, 46) Defendant was sentenced to a term of incarceration of 135 months followed by a 60-month term of supervised release. (Dkt. 88) Defendant is 50 years old and is incarcerated at Los Angeles MDC. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed August 1, 2026). He has served approximately 94 months of his custodial sentence. Id.

Defendant previously moved for a reduction of his sentence pursuant Amendment 821. (Dkt. 141) The Court granted this motion and reduced Defendant's

sentence from 135 months to 120 months. (Dkt. 144) Defendant now moves for compassionate release. (Dkt. 145)

A district court may reduce a defendant's sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, however, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. at § 3582(c)(1)(A). Defendant represents in his motion that he requested compassionate release from his facility, but the request was denied, though he does not specify when this occurred or provide supporting documentation. (Dkt. 145) Regardless, the Court will proceed to the substance of the Motion because the Government did not respond to the Motion (which Defendant filed almost a year ago) and assert that Defendant failed to exhaust his administrative remedies. See United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021) (citing Fort Bend Cnty. v. Davis, 587 U.S. 541, 548–50 (2019)) (finding that § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule, rather than a jurisdictional requirement, and that any objection to § 3582(c)(1)(A)'s exhaustion requirement may be forfeited if the party asserting the rule, i.e. the United States, fails to argue that defendant failed to exhaust). As such, the Court considers Defendant's Motion to be ripe for review on the merits..

Section 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the

Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." Id. The Sentencing Commission's existing policy statement on compassionate release is U.S.S.G. § 1B1.13. The policy statement defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) and it is binding on this Court. United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021). Purduant to § 1B1.13, the following circumstances may render a defendant eligible for a sentence reduction: (1) serious medical circumstances of the defendant; (2) advanced age, resulting in a serious deterioration in physical or mental health, where the defendant has served the lesser of at least 10 years or 75 percent of the term of imprisonment; (3) family circumstances that result in the defendant being the only available caregiver for a minor or incapacitated immediate family member or similar individual; (4) sexual or physical abuse of the defendant by an individual with custody or control of the defendant during the term of imprisonment sought to be reduced; (5) other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in (1) through (4), are similar in gravity to those described in (1) through (4); and (6) an "unusually long sentence," if the defendant has served at least 10 years' imprisonment and a change in the law would produce a gross disparity between the defendant's sentence and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(1)–(6).

Even when an extraordinary and compelling reason exists, however, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. U.S.S.G. § 1B1.13(a)(2). Additionally, the court must consider, in

general, whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. In seeking compassionate release, the defendant "bears the burden of establishing that compassionate release is warranted." United States v. Heromin, No. 11-cr-550, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing United States v. Hamilton, 715 F.3d 328, 341 (11th Cir. 2013)). Even if a defendant meets that burden, "the district court still retains the discretion to determine whether a sentence reduction is warranted." Hamilton, 715 F.3d at 341.

Defendant requests the Court grant him compassionate release because he has been in tremendous stress since both his daughter and mother have passed away during his incarceration. (Dkt. 145) In addition, Defendant states that his eldest brother is very sick and he fears he will not be able to see him again. While the Court sympathizes with Defendant, neither experiencing grief nor having sick family members qualifies as an "extraordinary and compelling reason" to reduce his sentence. The Court has already reduced Defendant's sentence from 135 months to 120 months and is without authority to reduce it any further on the requested grounds.

The Court need not address the § 3553(a) factors because Defendant is not entitled to consideration for Compassionate Release on the grounds asserted.

As such, Defendant Segundo Alexi Avila Delgado's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), (Dkt. 145), is **DENIED**.

**DONE and ORDERED** in Tampa, Florida, this 3rd day of August 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies to:** Counsel of Record
U.S. Marshal Service
U.S. Probation Office
U.S. Pretrial